08/25/2010 15:15 FAX 6156926407          TN CLAIMS                              ⌐005

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

CINDY (DEXTER) WOOTEN,

    Plaintiff,

VS.                                                  CT- 003885-10
                                                     JURY DEMANDED

STATE FARM FIRE AND CASUALTY CO.                     **DIV.VIII**

    Defendant.                    I, JIMMY MOORE, Cler
                                                     of the Circuit Court, Shelb
                                                     County Tennessee certify thi
COMPLIANT FOR DENIAL OF INSURANCE CLAIM to be a true and accurate cop
                         AND                         as filed this 8-9-10.
FOR BAD FAITH DENIAL OF INSURANCE CLAIM              JIMMY MOORE, Clerk
                                                     By                    D.C

COMES NOW Cindy Wooten, plaintiff, by and through her attorney, and brings a complaint

against State Farm Fire and Casualty Company and for her cause would show unto the Court:

    1.    The Plaintiff prior to and on August 24, 2009 owned a residential property located in

Memphis, Shelby County, Tennessee at 5381 Bradcliff Street, Memphis.

    2.    The Plaintiff is and for all relevant times an adult residing in this Court's jurisdiction.

    3.    This Court has jurisdiction over this matter based on the situs of the subject real property.

    4.    This Court has jurisdiction over the defendant as an insurance company doing business in

Tennessee.

    5.    The defendant would submit to jurisdiction in this Court.

    6.    Before August 24, 2009 the plaintiff purchased a residential property insurance policy

from the defendant covering the structure located on the subject real property.

1

SF 1451

08/25/2010 15:15 FAX 6156926407          TN CLAIMS                          @006

7.    A residential property insurance policy purchased by the plaintiff from the defendant was in full force and effect as of August 24, 2009.

8.    The residential property insurance policy purchased by the plaintiff from the defendant was policy number 92-K4-3160-1 which shows her name as Cindy Dexter.

9.    A fire occurred at the subject property on or about August 24, 2009.

10.   The fire totally destroyed the house structure on the subject property.

11.   The fire damaged the house structure on the subject property beyond any economically reasonable repair.

12.   The fire damaged the house structure on the subject property to the point that the remainder of the structure had to be removed or the plaintiff would face fines by the local government.

13.   The plaintiff timely filed a claim for the fire damage with the defendant.

14.   The plaintiff's claim was assigned number 42-B234-513 by the defendant.

15.   The plaintiff individually and through her attorney cooperated with the defendant in the claim process.

16.   The plaintiff individually and through her attorney cooperated with the defendant in the claim process to the extent of providing records and other information from other persons which were not legally required.

17.   On or about June 16, 2010 the defendant sent a denial of the plaintiff's claim to her attorney, attached exhibit 1.

18.   The defendant's denial letter stated that the denial was based on concealment or fraud and intentional acts.

19.   The defendant's denial letter stated that the denial was chiefly based on concealment or fraud and intentional acts.

2

SF 1452

08/25/2010 15:16 FAX 6156926407          TN CLAIMS                              007

20.    For the purposes of this law suit only the plaintiff stipulates that the subject fire was an act of arson.

21.    The plaintiff denies any connection, knowledge, duplicity or procurement of the acts which caused the subject fire.

22.    The defendant's refusal to pay the claim is in bad faith and the plaintiff claims the remedies provided by Tennessee's bad faith statutory penalty provision. T.C.A. § 56-7-105

23.    The defendant's denial letter satisfies the demand and wait period of Tennessee's bad faith statute.

24.    The defendant has no evidence of physical involvement by the plaintiff in the source of the fire.

25.    The defendant has no direct evidence of the plaintiff having procured or been duplicitous with whoever caused the fire.

26.    The defendant made a claim of the total of seventy thousand eight hundred dollars ($70,800) for the replacement value of the structure including one thousand dollars ($1,000.00) for the lost personalty and clean up of the lot.

WHEREFORE Plaintiff, Cindy Wooten, demands judgment against the defendant for a sum of at least seventy thousand eight hundred dollars ($70,800) for the replacement value of the structure and four thousand dollars ($4,000.00) for the clean up of the lot and further twenty five percent of the total amount $74,800.00 under the bad faith statute and all other relief available under the statutes, laws and rules of the State of Tennessee. The plaintiff demands a jury. The plaintiff specifically reserves the right to amend this complaint to conform with the evidence as it is discovered. And further that the defendant be required to answer this complaint within thirty (30) day of its receipt and that the corporate officer(s) each providing the answers be fully identified.

3

SF 1453

08/25/2010 15:16 FAX 6156926407          TN CLAIMS                                    ☒008

Respectfully submitted,

CHARLES F. RYE (020969)
Attorney for Plaintiff
5780 Michael Barton Cove
Bartlett, Tennessee 38134
(901)  373 – 8625
franklinflyer@yahoo.com

4

SF 1454

08/25/2010 15:15 FAX 6156926407          TN CLAIMS                          @003

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS.**

**SUMMONS IN CIVIL ACTION**

Docket No. 4 CO5885-10   ☑ Lawsuit   ☐ Divorce          Ad Damnum $ 74,800

| Cindy Wooten | | State Farm Fire and Casualty Company |
|---|---|---|
| **DIV.VIII** | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

State Farm Fire and Casualty Company
BY AGENT FOR SERVICE OF PROCESS
COMMISSIONER TN DEPARTMENT OF COMMERCE & INSURANCE
500 ROBERTSON PARKWAY
FL 5
NASHVILLE TN 37243

Method of Service:
- ☐ Certified Mail
- ☑ Shelby County Sheriff
- ☐ Commissioner of Insurance ($)
- ☐ Secretary of State ($)
- ☐ Other TN County Sheriff ($)
- ☐ Private Process Server
- ☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  State Farm Fire and Casualty Company          Plaintiff's
attorney, whose address is  5780 Michael Barton Cv, Bartlett, TN 38134          , telephone    +1 (901) 373-8625
within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

                                                        JIMMY MOORE          Clerk

TESTED AND ISSUED     8-9-10          By_____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE        , Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this
     8-9-10

JIMMY MOORE        , Clerk

By:_____ D.C.



Case 2:10-cv-02672-SHM-cgc   Document 1-1   Filed 09/13/10   Page 6 of 6   PageID 9

Page 42 of 49

08/25/2010 15:15 FAX 6156926407          TN CLAIMS                          ☑004



Docket No:

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISCTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

CINDY WOOTEN
Plaintiff

VS

STATE FARM FIRE AND CASUALTY CO
Defendant

CHARLES F. RYE
Attorney for Plaintiff/Pro Se

901-373-8625
Telephone Number

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE NOT SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ 20 ____

By: _____
Sheriff or other authorized person to serve process

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ 20 ____ at _____ M, a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____
Sheriff or other authorized person to serve process

Signature of person accepting service

file://D:\F42B234513083110142241\scripts\print.htm                    9/3/2010

SF 1450