**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION**

**APRIL HEARD, and as Parent and Next Friend of D.H., a minor,**

    **Plaintiffs,**

**vs.**                                                                                       **Case No.: 2:20-cv-2335-MSN-cgc**

**MONIQUE THOMAS, individually,**

    **Defendant.**

**MEMORANDUM OF LAW IN SUPPORT OF MONIQUE THOMAS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

Defendant Monique Thomas ("Ms. Thomas") hereby makes a limited appearance for the purpose of moving to dismiss the Complaint pursuant to Rule 4(m), *Federal Rules of Civil Procedure*.[1] Plaintiffs have not properly served Ms. Thomas with process in this matter, and the Court therefore lacks personal jurisdiction over Ms. Thomas. The deadline for service upon Ms. Thomas has passed. Because the statutes of limitation have expired as to Plaintiff's claims against Ms. Thomas and those claims cannot be re-filed, Ms. Thomas respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

## FACTS

The Plaintiffs filed their lawsuit with the Circuit Court for Shelby County Tennessee ("State Court") on March 25, 2020. [D.E. 1-1.] The State Court issued summons to both Defendants on March 25, 2020. [D.E. 1-2, 1-3.] Defendant Shelby County Board of Education

---

[1] Ms. Thomas submits that Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 4(m) and reliance on Fed. R. Civ. P. 12(b)(4), (5), or (6) at this stage is unnecessary. However, should the Court find it appropriate to assess grounds for dismissal pursuant to Rule 12, Ms. Thomas raises and reserves its defenses pursuant to Fed. R. Civ. P. 12(b)(4), (5), and/or (6).

("SCBE") timely filed its Notice of Removal on May 8, 2020.  [D.E. 1-2.]  At time of removal, Ms. Thomas had not been served with process, and the summons issued by the State Court prior to removal was never served upon Ms. Thomas. Plaintiffs filed a Return of Non-Service of Summons with the Circuit Court on June 28, 2020, attached as Exhibit A to Ms. Thomas' Motion.[2]

On June 16, 2020, more than a month after removal to the District Court, the State Court issued an Alias Summons to Ms. Thomas.  *See* Exhibit B to Motion.   Plaintiffs attempted to serve the Alias Summons on Ms. Thomas on June 30, 2020.  Plaintiffs filed a Return of Service with the Circuit Court on July 13, 2020, attached as Exhibit C to Ms. Thomas' Motion.  Plaintiffs have not filed proof of service with this Court.

Ms. Thomas filed her Answer on July 21, 2020 [D.E. 10], wherein Ms. Thomas expressly raised improper process and service of process as affirmative defenses.  Specifically, Ms. Thomas' second affirmative defense explains in detail the defects in process and service of process:

> 2. Process and service of process as to Ms. Thomas are deficient and improper because no summons was served upon Ms. Thomas in accordance with state or federal law.  Specifically, Ms. Thomas had not been served with process at the time this matter was removed to District Court, and service of the state court's initial summons was never served upon Ms. Thomas.  Plaintiffs' attempt to serve Ms. Thomas with an alias summons issued by the State Court after removal is improper because service of process after removal is governed by federal law, and new process must be issued pursuant to Fed. R. Civ. P. 4.  Plaintiff has not sought issuance of a federal summons under Fed. R. Civ. P. 4.  As a matter of law, Ms. Thomas has not been properly served with process in this matter, and this Court lacks personal jurisdiction over Ms. Thomas.

[D.E. 10, PageID 82.]  Ms. Thomas also expressly reserved her defenses arising from applicable statutes of limitation and/or repose, particularly with regard to Plaintiffs' failure to properly serve

---

[2] The Court may take judicial notice of documents filed in the Circuit Court, which are public records not subject to reasonable dispute. Fed. R. Evid. 201; *See also New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (acknowledging public records are appropriate for judicial notice).

Ms. Thomas with process. [D.E. 10, PageID 84.] Thus, Ms. Thomas' Answer unquestionably put Plaintiffs on notice of the specific defects in process and service of process and of Ms. Thomas' statute of limitation defense arising from such defective process.

Plaintiffs apparently concede that their prior attempt to effectuate service upon Ms. Thomas was defective. On August 13, 2020, Plaintiffs sought issuance of a summons by the clerk of this Court. [D.E. 11.] However, such summons cannot be lawfully served upon Ms. Thomas because the time permitted for service under Fed. R. Civ. 4(m) has expired. Plaintiffs never asked the Court for an extension of the time to serve process or otherwise sought relief from the requirements of Fed. R. Civ. 4(m).

## STANDARD OF REVIEW

"[A]fter the removal of an action from state court, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation, and the case will proceed as if brought in the federal court originally. *Yarborough v. BondCote Corporation*, No. 2:07-CV-05, 2008 WL 11452525, * 3 (E.D. Tenn. Mar. 25, 2008); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). "The case is then governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters." *Yarborough*, 2008 WL 11452525, * 3.

"When a plaintiff fails to serve a defendant before removal, the Federal Rules of Civil Procedure govern the amount of time to perfect service." *Morris v. City of Memphis*, No. 11-2928-STA-cgc, 2012 WL 13024038, *3 (W.D. Tenn. Nov. 5, 2012). Section 1448, Title 28, United States Code, provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be

3

> defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Rule 4(m), *Federal Rules of Civil Procedure*, sets forth the time limit for service in the District Court:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

## ARGUMENT AND AUTHORITY

Pursuant to the *Federal Rules of Civil Procedure* and applicable federal law, Plaintiffs have failed to properly serve Ms. Thomas with process in this matter, and this Court therefore lacks personal jurisdiction over her. Because the deadline for service of process has passed and Plaintiffs' claims cannot be re-filed due to the expired statutes of limitation, Plaintiffs' Complaint against Ms. Thomas should be dismissed with prejudice.

**I.** **PLAINTIFFS' TIME TO SERVE PROCESS UPON MS. THOMAS PURSUANT TO FED. R. CIV. P. 4(M) HAS EXPIRED.**

Plaintiffs have failed to properly serve Ms. Thomas with process, and their time to effectuate process has expired. Rule 4(m) provides that the Court "must dismiss the action" when a defendant is not served with a complaint within 90 days of filing. Fed. R. Civ. P. 4(m). "In cases removed to a federal court from a state court, the 90-day period set forth in Rule 4(m) commences on the date removal is complete." *Grimm v. Cappelli*, No. 3:20-cv-3, 2020 WL 1676921, * 2 (S.D. Ohio Apr. 6, 2020) (citing *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008)).

This matter was removed on May 8, 2020 [D.E. 1.] Plaintiffs acknowledge Ms. Thomas had not been served with process at the time of removal. [D.E. 8, PageID 56.] Plaintiffs did not serve on Ms. Thomas a summons issued by the State Court prior to removal or otherwise complete service of existing process. *See* Exhibit A to Motion. Plaintiffs also did not timely serve Ms. Thomas with process issued by the District Court "in the same manner as in cases original filed in this Court." *See* 28 U.S.C. § 1448. Instead, Plaintiffs had the State Court issue an Alias Summons after the case had already been removed to the District Court. *See* Exhibit B to Motion. Such Alias Summons cannot establish sufficient service because the District Court acquired full and exclusive subject matter jurisdiction over this matter upon removal, and the State Court lacked jurisdiction to issue the Alias Summons.

Plaintiffs' deadline to effectuate service upon Ms. Thomas passed on August 6, 2020, 90 days after removal. Though Rule 4(m) permits a court to grant an extension of the time to serve process for good cause, Plaintiffs cannot show good cause for failing to effectuate service upon Ms. Thomas prior to that August 6, 2020. Plaintiffs have been on notice of the defective service since at least July 21, 2020 and did not timely seek issuance of a District Court summons or otherwise attempt to cure the defects. Plaintiffs also did not seek an extension of time for service pursuant to Rule 4(m). "A plaintiff who fails to take 'the simple step of requesting an extension of time from the court' cannot show good cause for not serving the complaint within [90] days." *Morris v. City of Memphis*, No. 11-2928-STA-cgc, 2012 WL 13024038, *3 (W.D. Tenn. Nov. 5, 2012) (quoting *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs' claims against Ms. Thomas should be dismissed.

Moreover, the State Court Alias Summons is insufficient process because it does not comply with Fed. R. Civ. P. 4(a)(1). *See* Exhibit B to Motion. It does not name the proper court

and does not correctly state the time within which Ms. Thomas must appear and defend. *See* Fed. R. Civ. P. 4(a)(1)(A) & (D). To the contrary, the State Court Alias Summons Plaintiffs attempted to serve on Ms. Thomas instructed her to file her answer with the Clerk of the Circuit Court of Tennessee within 30 days after service, when, in fact, Ms. Thomas was required to file her response with the District Court within 21 days after service of a summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Additionally, the State Court Alias Summons is not signed by the clerk of the District Court and does not bear the District Court's seal. *See* Fed. R. Civ. P. 4(a)(1)(F) & (G). Thus, the State Court Alias Summons does not comply with Rule 4 of the *Federal Rules of Civil Procedure* and constitutes insufficient process under Fed. R. Civ. P. 12(b)(4). As Plaintiffs did finally seek issuance of a new summons by this Court [D.E. 11], after the deadline to serve Ms. Thomas had passed, they apparently concede that the attempted service of the State Court Alias Summons did not constitute effective service upon Ms. Thomas.

## II.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE STATUTES OF LIMITATIONS HAVE EXPIRED.

Though dismissal under Rule 4(m) is usually without prejudice, "[d]istrict courts in the Sixth Circuit consistently dismiss claims under Rule 4(m) with prejudice when the applicable statute of limitations bars re-filing." *Morris v. City of Memphis*, No. 11-2928-STA-cgc, 2012 WL 13024038, *3 (W.D. Tenn. Nov. 5, 2012) (citing *e.g., Campbell v. Anderson County*, 695 F. Supp. 2d 764, 776 (E.D. Tenn. 2010); *DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Kent. 2008)).

Chief District Judge S. Thomas Anderson's analysis in *Morris v. City of Memphis* is instructive in this case. In *Morris*, the Plaintiff alleged various causes of action against the City of Memphis and two Memphis police officers, including claims under 42 U.S.C. § 1983 alleging constitutional violations under color of state law. *Morris*, 2012 WL 13024038, *1. Specifically,

the plaintiff claimed the officers used unnecessary force in handcuffing and pepper spraying the plaintiff. *Id.*

The City of Memphis removed the case to the District Court, which granted the City of Memphis' Motion to Dismiss as to the plaintiff's federal claims. *Id.* At the time of removal, the state court had not issued a summons to Officer Thompson. *Id*. at *3. Consequently, Rule 4(m) governed the timeframe for the plaintiff to serve process on Officer Thompson. *Id.* The District Court Clerk did not issue a summons to Officer Thompson until after the time for service under Rule 4(m) had elapsed. *Id*. Chief Judge Anderson found the plaintiff's "failure to effectuate service" on Officer Thompson within the time provided by Rule 4(m) warranted dismissal of the claims against Officer Thompson. *Id.* Because the *Morris* plaintiff's claims could not be re-filed against Officer Thompson due to expired one-year statutes of limitation, Chief Judge Anderson dismissed the plaintiff's Complaint with prejudice. *Id*.; *see also State Farm Fire and Casualty Company v. Hamilton Beach/Proctor-Silex, Inc*., No. 05-74700, 2007 WL 127909 (E.D. Mich. Jan. 11, 2007) (dismissing the plaintiff's complaint in removal action because service was improper and the statute of limitation had expired).

As in *Morris*, Plaintiffs' claims against Ms. Thomas are all governed by a one-year statute of limitation. "In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied." *Berndt v. State of Tenn*., 796 F.2d 879, 883 (6th Cir. 1986) (citing *Wilson v. Garcia*, 471 U.S. 261, 254 (1985)). "Tennessee's limitations period for actions brought under federal civil rights statutes or for personal injuries is one year." *Id*. (citing Tenn. Code Ann. § 28–3–104(a)). Likewise, Plaintiffs' claims for intentional infliction of emotional distress and false imprisonment are both governed by the one-year statute of limitations set forth by Tenn. Code Ann. § 28-3-104(a). *See*

7

Tenn. Code Ann. § 28-3-104(a); *Leach v. Taylor*, 124 S.W.3d 87, (Tenn. 2004) ("[I]ntentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations."); *Harris v. Regions Financial Corp*., No. E2017-00838-COA-R3-CV, 2018 WL 3578513, *5, n. 3 (Tenn. Ct. App. July 25, 2018) (finding claims for intentional infliction of emotional distress and negligent infliction of emotional distress are "each subject to a one year statute of limitations in Tenn. Code Ann. § 28-3-104.").

Plaintiffs' causes of action arose on March 26, 2019, and the one-year statute of limitation expired on March 26, 2020. Because Plaintiffs did not serve Ms. Thomas with process in accordance with 28 U.S.C. § 1448 within the 90-day timeframe set forth in Fed. Rule Civ. P. 4(m), and the statute of limitations has expired, these claims cannot be re-filed, and Plaintiffs' Complaint against Ms. Thomas should be dismissed with prejudice.

## CONCLUSION

As explained herein, Plaintiffs failed to serve Defendant Monique Thomas with service of process within the timeframe required by the *Federal Rules of Civil Procedure,* and Plaintiffs' claims cannot be re-filed due to expired statutes of limitation. Consequently, Plaintiffs' Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Jamie L. Morton
JAMIE L. MORTON (#031243)
Shelby County Board of Education
Office of the General Counsel
160 S. Hollywood St., Room 218
Memphis, Tennessee 38112
901.416.3612
Mortonj2@scsk12.org

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing has been forwarded via the Court's electronic filing system this 14th day of August, 2020 to:

James E. King, Jr., Esq.
Eric E. Lindquester, Esq.
Eskins, King & Marney PC
200 Jefferson, Suite 1510
Memphis, Tennessee 38103
jking@eskinsking.com

*Counsel for Plaintiffs*

/s/Jamie L. Morton
Jamie L. Morton